```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
BRYAN VELAZQUEZ, on behalf of                               :
himself and all others similarly situated,                  :
                                                            :
                            Plaintiff,                      :          22-CV-7565 (VSB)
                                                            :
            -against-                                       :              **ORDER**
                                                            :
JOJO DESIGNS, LLC,                                          :
                                                            :
                            Defendant.                      :
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

On September 5, 2022, Plaintiff sued Defendant alleging that its failure to make its website accessible to visually impaired persons violates the Americans with Disabilities Act ("ADA") and the New York City Human Rights Law.  Plaintiffs request injunctive relief, a declaratory judgment, damages, and pre- and post-judgment interest. (Doc. 1.)

To establish constitutional standing, a plaintiff must adequately allege (1) a concrete, particularized, actual, or imminent injury-in-fact; (2) a causal connection between the injury and the conduct complained of such that the injury is "fairly traceable to the challenged action of the defendant;" and (3) that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision from the Court. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 576 (1992) (internal quotation marks omitted).

I raise the question of standing *sua sponte* because it is a threshold matter of justiciability. If a plaintiff lacks standing to sue, a court must dismiss the plaintiff's claim for lack of subject-matter jurisdiction.  *See Thompson v. Cnty. of Franklin*, 15 F.3d 245, 248 (2d Cir. 1994); *Cent.*

1

*States SE & SW Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 198 (2d Cir. 2005).

A plaintiff bringing an ADA claim has standing to sue for injunctive relief if "(1) the plaintiff allege[s] past injury under the ADA; (2) it [is] reasonable to infer that the discriminatory treatment [will] continue; and (3) it [is] reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of [defendant's business] to plaintiff's home, that plaintiff intend[s] to return to the subject location." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013).  The plaintiff must plausibly allege "a real and immediate threat of future injury" to satisfy the third prong. *Calcano v. Swarovski et al.*, 36 F.4th 68, 75 (2d Cir. 2022) (citation omitted).  In *Calcano*, for example, "conclusory, boilerplate allegations" that a plaintiff was injured by the failure to accommodate visually impaired plaintiffs "fail[ed] to establish standing." *Id.* at 71.

Similarly, the allegations of Plaintiffs' Complaint here likely fail adequately to allege standing, as they are at least as conclusory as the allegations in *Calcano*.  Indeed, save for the caption, defendant name, and website name, the complaint is identical to six other complaints that Plaintiff filed the same day.  *See Velazquez v. Prince Lionheart, Inc.*, 22-cv-7559 (PAE)(SN) (S.D.N.Y. Sept. 5, 2022), Doc. 1; *Velazquez v. Marco Store, LLC*, 22-cv-7561 (GHW) (S.D.N.Y. Sept. 5, 2022), Doc. 1; *Velazquez v. R & R Games*, 22-cv-7562 (CM) (S.D.N.Y. Sept. 5, 2022), Doc. 1; *Velazquez v. Copag USA*, 22-cv-7563 (VSB) (S.D.N.Y. Sept. 5, 2022), Doc. 1; *Velazquez v. CoolStuffInc.com, LLC*, 22-cv-7564 (RA) (S.D.N.Y. Sept. 5, 2022), Doc. 1; *Velazquez v. Game Time Supplements, LLC,* 22-cv-9247 (CM) (S.D.N.Y. Sept. 5, 2022), Doc. 1.  Accordingly, it is

3

     ORDERED that by November 14, 2023, Plaintiff move for leave to file an amended complaint that adequately alleges standing or show cause as to why the case should not be dismissed for lack of standing.

SO ORDERED.

Dated: December 7, 2022
       New York, New York

_____
Vernon S. Broderick
United States District Judge